## McClay *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defective roadbed—Contributory negligence—Case for jury.*

1. While the duty of vigilance is obligatory on everyone in the use of the city streets, a driver who is unable to give undivided attention to the roadbed, because of the care required in managing his horses and in avoiding other vehicles, cannot be held to have seen, or to have been reckless in not seeing, defects in a roadbed that would have been obvious to a pedestrian.

2. In an action against a city to recover damages for death of plaintiff's husband, it appeared that the deceased was riding on an elevated seat on an open wagon on a wide thoroughfare crowded with heavy teams, on which there were three tracks of a steam railroad. While crossing the tracks he turned his horses to one side to avoid a team crossing in front of him. One of the wheels of his wagon slid on a rail and went into a narrow depression or hole at its side, causing a jolt that threw him from his seat. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 18, 1909. Appeal, No. 183, Jan. T., 1908, by defendant, from judgment of C. P. No. 1, Phila. Co., March T.,

1906, No. 1,176, on verdict for plaintiff in case of Annie Mc-Clay v. Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendant · appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas D. Finletter*, assistant city solicitor, with him *Harry T. Kingston*, assistant city solicitor, and *J. Howard Gendell*, city solicitor, for appellant.

*Thomas F. Gain*, with him *Alfred Law Cameron*, for appellee.

PER CURIAM, March 22, 1909:

The only question argued was that of contributory negligence. The plaintiff's husband was riding on an elevated seat on an open wagon on a wide thoroughfare crowded with heavy teams, on which there were three tracks of a steam railroad. While crossing the tracks he turned his horses to one side to avoid a team crossing in front of him. One of the wheels of his wagon slid on a rail and went into a narrow depression or hole at its side, causing a jolt that threw him from his seat. Whether under the circumstances he should have seen and avoided the danger caused by the defect in the surface of the street was a question for the jury.

While the duty of vigilance is obligatory on everyone in the use of city streets, a driver who is unable to give undivided attention to the roadbed, because of the care required in managing his horses and in avoiding other vehicles, cannot be held to have seen, or to have been reckless in not seeing, defects in a roadbed that would have been obvious to a pedestrian.

The judgment is affirmed.